1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALISHA LINGVEVICIUS,<br><br>                   Plaintiff,<br><br>    v.<br><br>UNIVERSAL HEALTH SERVICES, INC.,<br><br>                  Defendant. | No.<br><br>NOTICE OF REMOVAL<br>(Federal Question and Diversity)<br><br>(from King County Superior Court,<br>Case No. 18-2-02308-4 KNT) |

TO:       The Clerk and the Honorable Judges of the U.S. District Court for the Western District of Washington;

TO:       Alisha Lingvevicius, Plaintiff;

AND TO:    Darryl Parker, Counsel for Plaintiff

Pursuant to 28 U.S.C. §§ 1331, 1332, 1367, and 1441, Defendant Universal Health Services, Inc., by and through its undersigned attorneys, hereby removes this action from the Superior Court of Washington for King County to this Court on the alternative grounds of (1) federal question jurisdiction with supplemental jurisdiction over the state law claims, or (2) diversity jurisdiction.  28 U.S.C. §§ 1331, 1332(a)(1), 1367(a), 1441(a), (c).

The following statement is submitted pursuant to 28 U.S.C. § 1446(a):

NOTICE OF REMOVAL - 1

**FEDERAL QUESTION JURISDICTION**

1.      Plaintiff filed a Complaint against Defendant on January 26, 2018, in King County Superior Court, which the state court designated as Case No. 18-2-02308-4 KNT.   On February 14, 2018, Plaintiff served the Summons and Complaint on Defendant.

2.      Plaintiff alleges federal claims in her Complaint.   Complaint, Prayer ¶¶ A, E (attached hereto as **Attachment A**).   She seeks a declaration that Defendant violated Plaintiff's federal civil rights, as well as punitive damages under federal law, ostensibly Title VII.  *Id.*

3.      Plaintiff also alleges state claims:  a violation of the Washington Family Leave Act (WFLA), chapter 49.78 RCW; discrimination and retaliation under the Washington Law Against Discrimination (WLAD), chapter 49.60 RCW; and retaliation in violation of public policy.  Complaint ¶¶ 42-66.  She bases these claims on the same nucleus of operative facts that support her allegations that Defendant violated federal law.  *See id.*  This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a).

**DIVERSITY JURISDICTION**

4.      Defendant is incorporated in Delaware.   Declaration of Bryan O'Connor ("O'Connor Decl.") ¶ 11.  Defendant's principal place of business is in Pennsylvania, which is the location of Defendant's headquarters and "nerve center."  *Id.*; *see Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010).   Therefore, Defendant is a citizen of Delaware and Pennsylvania. *See* 28 U.S.C. § 1332(c)(1).

5.      Plaintiff resides in Des Moines, Washington.  Complaint ¶ 3.  Upon information and belief, Plaintiff is a citizen of Washington.

6.      Pursuant to LCR 101(a), Defendant has a reasonable good faith belief that Plaintiff seeks damages in excess of the jurisdictional requirement of $75,000, notwithstanding the fact that the Complaint does not specify the dollar amount of damages being sought.

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

7.     Plaintiff seeks lost wages (or back pay) in this lawsuit.  Complaint ¶¶ 51, 65.  She alleges that she was unlawfully denied a yearly wage increase in 2017 in retaliation for complaining about working conditions.  Complaint ¶¶ 13, 15-16, 51.  On information and belief, Defendant believes that Plaintiff is alleging she was entitled to an hourly raise of approximately $1.00 on January 8, 2017.  Declaration of Elaine Oksendahl ("Oksendahl Decl.") ¶ 2.  Plaintiff worked approximately 1,477 hours in 2017.  *Id.* ¶ 3.  Therefore, Plaintiff seeks lost wages of approximately $1,477 due to this allegedly denied raise.  O'Connor Decl. ¶ 6.  Plaintiff also alleges that she was unlawfully demoted on September 11, 2017, to the position of Licensed Practical Nurse.  Complaint ¶¶ 24-32, 51, 65.  She claims that her pay decreased by $4.00 per hour.  Complaint ¶ 34.  Plaintiff has worked approximately 142 hours since September 11, 2017.  Oksendahl Decl. ¶ 4.  Therefore, Plaintiff seeks lost wages of approximately $568 due to this alleged demotion.  O'Connor Decl. ¶ 6.  Finally, Plaintiff alleges that she felt harassed while working as a Licensed Practical Nurse and that her physician recommended she take a medical leave.  Complaint ¶¶ 33, 40-41.  Plaintiff has not worked since October 22, 2017, which is more than 20 weeks ago.  Oksendahl Decl. ¶ 5; O'Connor Decl. ¶ 6.  She worked approximately 37 hours per week in 2017.  Oksendahl Decl. ¶ 6.  Her current base rate is $34.00 per hour.  *Id.* ¶ 7.  Therefore, Plaintiff seeks lost wages of approximately $25,160 since October 22, 2017.  O'Connor Decl. ¶ 6.  In total, to date, Plaintiff seeks lost wages of approximately $27,205.  *Id.*

8.     Plaintiff also seeks "double damages" under the WFLA.  Complaint, Prayer ¶ C.  The WFLA authorizes liquidated, double damages against a defendant employer under certain circumstances.  RCW 49.78.330(1)(a)(iii).  Therefore, Plaintiff seeks approximately $27,205 in addition to the damages calculated above.

9.     Plaintiff also seeks lost benefits, including employer-paid medical insurance.  Complaint ¶¶ 44, 52.

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

10.     Plaintiff also seeks past and present emotional distress, mental anguish, humiliation, anxiety, mortification, and other damages.  Complaint ¶¶ 36, 39, 41, 55, 59, 61, 65-66, Prayer ¶ B.  Conservatively, these claims place a minimum of $15,000 "at issue." O'Connor Decl. ¶¶ 8-9.

11.     Plaintiff also seeks damages for her loss of good health, physical distress, and tension headaches.  *See* Complaint ¶¶ 47, 59, 61, Prayer ¶ D.

12.     Plaintiff also seeks attorney fees and costs under the WLAD and WFLA. Complaint ¶¶ 55, 60; Prayer ¶ F.  Attorney fees are included in computing the amount in controversy "where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language."  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998); *see Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).  The WLAD authorizes an award of reasonable attorney fees.  RCW 49.60.030(2).  Similarly, the WFLA authorizes an award of reasonable attorney fees.  RCW 49.78.330(3).

13.     Plaintiff is represented by Darryl Parker of the firm Civil Rights Justice Center, PLLC, located in Seattle, Washington.  It is unclear what hourly rate he is charging Plaintiff in this case.  However, based on publically available court filings, he was charging $750 per hour six and seven years ago.  In 2011, he was awarded his fees at $750 per hour in two combined cases in the Northern District of California, entitled *Fleming/Jones v. Nadia Clark*, case numbers C09-01613-BZ and C09-4757-BZ.  In 2012, he was also awarded his fees at $750 per hour in another case out of the Northern District of California.  *Davis v. Prison Health Servs.*, 2012 WL 4462520, 2012 U.S. Dist. LEXIS 138556, at *27, 29 (N.D. Cal. Sept. 25, 2012) (employment discrimination, retaliation, hostile work environment, and other claims).  His investigation of this case and preparation of the Complaint likely involved at least 40 hours of attorney work so far. Conservatively assuming that Mr. Parker's hourly rate is still $750, it is reasonably certain that

Jackson Lewis P.C.
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

Plaintiff's attorney fees are currently in excess of $30,000, and through trial they would well exceed $300,000.  O'Connor Decl. ¶ 10.

14.     The amount in controversy exceeds $75,000, considering Plaintiff's requested damages and her request for attorney fees and liquidated damages.  *See White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003) (concluding that it was facially apparent that the plaintiff's wrongful termination claim exceeded $75,000 based on list of compensatory and punitive damages).

15.     This Court therefore has original jurisdiction over this civil action.  Based on Plaintiff's Complaint, the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000, and the action is between citizens of different states.  28 U.S.C. § 1332(a)(1).

**STATE COURT PROCEEDINGS**

16.     On January 26, 2018, the state court issued an Order Setting Civil Case Schedule.

17.     On February 20, 2018, Defendant's attorneys appeared in the state court action but have not filed any responsive pleadings.

18.     No further proceedings have been had in the state court as of the date of this Notice.

**TIMELY REMOVAL**

19.     This Notice of Removal is being timely filed within 30 days of February 14, 2018, when Defendant was served with the initial pleading upon which this removal is based.  *See* 28 U.S.C. § 1446(b)(2)(B).

NOTICE OF REMOVAL - 5

1

**VENUE**

2  20.     Pursuant to 28 U.S.C. § 1441(a), this Court is the appropriate venue for removal

3

4  because it is the federal district court for the district and division where the King County

5  Superior Court case is pending.

6

**NOTICE TO THE STATE COURT AND TO PLAINTIFF**
**OF FILING NOTICE OF REMOVAL**

7  21.     Pursuant to 28 U.S.C. § 1446(d), and as affirmed in the attached Declaration of

8

9  Service, Defendant has served Plaintiff with this Notice of Removal and with the Notice to State

10  Court of Removal to Federal Court.  Pursuant to 28 U.S.C. § 1446(d), a copy of the Notice of

11  Removal is being filed with the King County Superior Court, attached to a pleading entitled

12  Notice to State Court of Removal to Federal Court.

13

**STATE COURT RECORDS**

14  22.     Pursuant to 28 U.S.C. § 1446(a) and LCR 101(b)(1), Defendant is attaching a true

15  and correct copy of the Complaint as **Attachment A**.  Pursuant to LCR 101(c), a Verification of

16  State Court Records will be filed within 14 days of this Notice of Removal, which will include

17  copies of the original pleadings, as well as copies of all additional records and proceedings

18  appearing in the state court file, under a verification by counsel that these are true and complete

19  copies of all the records and proceedings in the state court proceeding.

20

21  23.     Defendant reserves the right to amend or supplement the statement of its grounds

22  for removal of this case based upon discovery exchanged between the parties or circumstances

23  that become known during the investigation of the case.

24

25  24.     Based on the above, Defendant respectfully asks this Court to accept removal of

26  this action on the ground of federal question for the federal claims and supplemental jurisdiction

27  for the state claims.  Alternatively, Defendant respectfully asks this Court to accept removal of

28  this action on the ground of diversity jurisdiction.

NOTICE OF REMOVAL - 6

1    DATED this 15th day of March, 2018.

2                         Respectfully submitted,

3                         JACKSON LEWIS P.C.

4

5                         */s/ Bryan P. O'Connor*

                         Bryan P. O'Connor, WSBA #23867

6                         520 Pike Street, Suite 2300

                         Seattle, WA  98101

7                         Telephone:  206-405-0404

                         Facsimile:  206-405-4450

8                         bryan.oconnor@jacksonlewis.com

                         Counsel for Defendant

9

10   DATED this 15th day of March, 2018.

11                        JACKSON LEWIS P.C.

12                       */s/ Jonathan M. Minear*

13                      Jonathan M. Minear, WSBA #41377

                         520 Pike Street, Suite 2300

14                      Seattle, WA  98101

                         Telephone:  206-405-0404

15                      Facsimile:  206-405-4450

                         jonathan.minear@jacksonlewis.com

16                      Counsel for Defendant

17

18

19

20

21

22

23

24

25

26

27

28

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

1

**DECLARATION OF SERVICE**

2

The undersigned declares under penalty of perjury under the laws of the State of

3

Washington that on this day, I electronically filed a true and accurate copy of the document to

4

which this declaration is affixed with the Clerk of the Court using the CM/ECF System, which

5

will send notification of such filing to the following:

6

7

Darryl Parker
Civil Rights Justice Center, PLLC
2150 North 107th Street, Suite 520
Seattle, WA  98133
dparker@civilrightsjusticecenter.com

8

9

10

Dated this 15th day of March, 2018, at Seattle, Washington.

11

12

*/s/ Kay Sagawinia*_____

13

Kay Sagawinia

14

15

4848-9181-9357, v.  1

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL - 8

EXHIBIT  A

**FILED**

18 JAN 26 AM 11:35

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 18-2-02308-4 KNT

IN THE SUPERIOR COURT OF WASHINGTON
COUNTY OF KING

| | |
|---|---|
| ALISHA LINGVEVICIUS, ) | Case No. |
| Plaintiff, ) | |
| ) | **SUMMONS** |
| vs. ) | |
| ) | |
| UNIVERSAL HEALTH SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |
| ) | |
| ) | |

**TO:     UNIVERSAL HEALTH SERVICES, INC.**

A lawsuit has been started against you in the above-entitled court.

Plaintiff's claims are stated in the written Complaint for Damages, a copy of which is served upon you with this Summons.

In order to defend against this lawsuit, you must respond to the Complaint by stating your defense in writing, and by serving a copy upon the person signing this Summons within 20 days after the service of this Summons, or within 60 days if this Summons was served

SUMMONS - 1
LINGVEVICIUS V. UNIVERSAL HEALTH SERVICES, INC.

CIVIL RIGHTS JUSTICE CENTER, PLLC
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

1  outside the State of Washington, excluding the day of service, or a default judgment may be

2  entered against you without notice. A default judgment is one where plaintiff is entitled to what

3  has been asked for because you have not responded. If you serve a notice of appearance on the

4  undersigned person, you are entitled to notice before a default judgment may be entered. A

5  copy of your answer and all other responsive pleadings must be filed with the Court.

6      If you wish to seek the advice of an attorney in this matter, you should do so promptly

7  so that your written response, if any, may be served on time.

8      THIS SUMMONS is issued pursuant to Civil Rule 4, Rules for Superior Court, State of

9  Washington.

10  DATED this 26th day of January, 2018.

11

12                                    CIVIL RIGHTS JUSTICE CENTER, PLLC

13

14                                    Darryl Parker, WSBA #30770

15

16

17

18

19

20

21

22

23

SUMMONS - 2
LINGVEVICIUS V. UNIVERSAL HEALTH SERVICES, INC.

CIVIL RIGHTS JUSTICE CENTER, PLLC
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

FILED

18 JAN 26 AM 11:35

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 18-2-02308-4 KNT

1

2

3

4

5

6

7

8

IN THE SUPERIOR COURT OF WASHINGTON
COUNTY OF KING

9

10

| ALISHA LINGVEVICIUS, | ) | Case No. |
| | ) | |
| Plaintiff, | ) | **COMPLAINT FOR DAMAGES** |
| | ) | |
| vs. | ) | (Jury Trial Demanded) |
| | ) | |
| UNIVERSAL HEALTH SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

11

12

13

14

15

16

17

## **INTRODUCTION**

18      1.      This is an action for damages pursuant to the Washington Law Against

19  Discrimination (WLAD) and RCW 49.78 to redress unlawful employment practices by

20  defendant Universal Health Services, Inc., who, through its agents and management

21  employees, has caused plaintiff to suffer deprivations of her civil and statutory rights as well

22  as emotional distress.

23

**COMPLAINT FOR DAMAGES - 1**
LINGVEVICIUS V. UNIVERSAL HEALTH SERVICES, INC.

**CIVIL RIGHTS JUSTICE CENTER, PLLC**
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

**VENUE**

2.     The unlawful employment practices alleged below were committed in Burien, Washington, within King County.

**PARTIES**

3.     Plaintiff Alisha Lingvevicius is a female citizen of the United States, and is a resident of the State of Washington, residing in the city of Des Moines in King County.  She is a Registered Nurse for Schick Shadel Hospital.

4.     Defendant Universal Health Services, Inc. ("UHS") is a hospital management company, operating more than 350 facilities. UHS's corporate office is in Pennsylvania, with its Western Region office in Nevada. UHS manages Schick Shadel Hospital, a Drug & Alcohol Treatment Center, located in the State of Washington in the City of Burien in King County.

**STATEMENT OF FACTS**

5.     In March 2012, plaintiff was hired as a Licensed Practical Nurse at Schick Shadel Hospital.

6.     Plaintiff later was promoted to the position of Registered Nurse with more acute care and management experience. She left her employment with Schick Shadel hospital in December of 2012 and returned in April 2014. Later, she changed her employment status to on-call in March 2016 and returned full-time in October 2016.

7.     At the time of her return to full-time employment, she was offered a position of Charge Nurse, which also would result in a two dollar per hour pay raise. Plaintiff accepted the position and began her employment in October 2016.

COMPLAINT FOR DAMAGES - 2
LINGVEVICIUS V. UNIVERSAL HEALTH SERVICES, INC.

CIVIL RIGHTS JUSTICE CENTER, PLLC
2150 N 107ᵗʰ Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

8. During the time of her employment as a Charge Nurse, the plaintiff did extremely well in her position with no disciplinary action on her record. Plaintiff also covered shifts in the treatment room when it was understaffed and needed immediate attention.

9. As a Charge Nurse, plaintiff gathered information from treatment nurses that the working conditions in the treatment room was substandard due to mold and poor air quality in the room.

10. Plaintiff empathized with them because she had previously left her employment in December 2012 for two years due to poor working conditions and the respiratory illness she developed while working in treatment.

11. On July 18, 2017, plaintiff attended the Treatment Nurse meeting as a Charge Nurse and brought a list of safety concerns that treatment nurses have mentioned. The treatment nurses present at the meeting signed the form and voiced their agreement with the safety concerns listed on the form.

12. CEO Philip Herink read the form detailing the safety concerns and replied that they would look into the concerns.

13. After this incident, plaintiff suffered retaliation for her complaint about work conditions in the treatment room.

14. Her supervisor, Olga Patulot, changed her demeanor towards plaintiff and conducted unprofessional behavior that was clear retaliation against plaintiff's actions. For example, Ms. Patulot came out of her office and yelled at plaintiff few times about staffing overtime concerns.

COMPLAINT FOR DAMAGES - 3
LINGVEVICIUS V. UNIVERSAL HEALTH SERVICES, INC.

CIVIL RIGHTS JUSTICE CENTER, PLLC
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

15.     Although plaintiff should have received a yearly evaluation for wage increase, defendant delayed the evaluation until it was so late that plaintiff was denied a wage increase.

16.     Plaintiff was the only nurse who did not receive a wage increase even though there were other nurses who had infraction records that plaintiff did not receive. Defendant did not offer a logical answer as to why plaintiff was the only nurse whose wage did not increase.

17.     On August 16, 2017, Ms. Patulot told plaintiff that she would be taking on more responsibilities such as completing patient treatment plans as a Charge Nurse once she returned from vacation.

18.     Plaintiff went on vacation for a twelve-day period with five paid vacation days and planned to return on August 30, 2017.

19.     On August 30, 2017, plaintiff was diagnosed with a contagious respiratory infection and sinus infection by her physician. Plaintiff was instructed to take a medical leave from August 30, 2017 to September 10, 2017.

20.     As a result, plaintiff went on family leave to recover from her illness on August 30, 2017. Her supervisor, Ms. Patulot, was notified by plaintiff through a telephone call of plaintiff's family leave.

21.     When plaintiff's co-worker asked Ms. Patulot for the September schedule on August 31, 2017, Ms. Patulot stated that a "person" on FMLA leave ruined the September schedule and that it would have to be done all over again. Ms. Patulot was specifically referring to plaintiff when she made this comment.

22.     Plaintiff was informed by that same co-worker about this comment on the day it occurred. She texted Ms. Patulot later that day requesting that Ms. Patulot not tell other

**COMPLAINT FOR DAMAGES - 4**
LINGVEVICIUS V. UNIVERSAL HEALTH SERVICES, INC.

CIVIL RIGHTS JUSTICE CENTER, PLLC
2150 N 107th Street, Suite 520
Seattle, Washington  98133
(206) 557-7719 / Fax: (206) 659-0183

nurses that the September schedule was ruined due to a person being on family leave. Ms. Patulot replied via text that she talked to one nurse about the schedule and that she wished to talk to plaintiff when she returned from family leave.

23.   Ms. Patulot's statements were damaging to plaintiff's reputation and relationships with her co-workers, as she was the only nurse on family leave at the time.

24.   Plaintiff returned to work and met with Ms. Patulot at 3:00 p.m., on September 11, 2017, to discuss the September schedule. As she was reviewing the schedule, plaintiff realized that she was not scheduled as a Charge Nurse but instead in treatment.

25.   After examining the schedule, plaintiff questioned why she wasn't scheduled as a Charge Nurse to Ms. Patulot. As a response, Ms. Patulot informed plaintiff that she was being removed from her current position as Charge Nurse and would instead be placed in a non-management position.

26.   Then, Ms. Patulot told plaintiff that they needed to go talk to CEO, Philip Herink. After arrival in his office, Mr. Herink walked in and asked plaintiff if she was informed of her new position.

27.   Plaintiff stated that she did not agree with her demotion and asked for a reason behind this action. Mr. Herink replied by saying, "we are having problems scheduling you, because your co-workers don't want to work with you".

28.   When asked to produce evidence of their claim in writing, Mr. Herink evaded the subject by stating that he did not think that plaintiff needed disciplinary action and that this was a temporary solution.

**CIVIL RIGHTS JUSTICE CENTER, PLLC**
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

29.   Mr. Herink also refused to record this demotion in the written records by once again stating that this was a temporary fix. During their discussion, Mr. Herink also made the comment that he supported Ms. Patulot's decision to demote plaintiff.

30.   Plaintiff asked that Mr. Herink and Ms. Patulot reconsider their decision to demote her from her position. She also informed them that this decision was harsh and a violation of company policy.

31.   Many other Charge Nurses have negative employment actions in their files but have stayed in their positions without any repercussions. Plaintiff does not have any written negative actions in her file.

32.   The treatment nurse position that plaintiff was demoted to is an entry Licensed Practical Nurse level position that does not require the expertise and skills that plaintiff obtained in her nursing career as a Registered Nurse.

33.   Plaintiff has not worked in treatment for five years in this capacity and feels psychologically abused in this position.

34.   As a result of her demotion, plaintiff lost her Charge Nurse benefits and her pay decreased by four dollars an hour. Plaintiff feels retaliated against for taking leave.

35.   Ever since her return from family leave and the following demotion, Ms. Patulot has been making the plaintiff's work environment uncomfortable through harassment.

36.   Although plaintiff reported the incidents of harassment to the company hotline, nothing has been done. Plaintiff felt retaliated against for reporting this based on continued harassment and demotion. She also believes that it caused her anxiety.

**COMPLAINT FOR DAMAGES** - 6
LINGVEVICIUS V. UNIVERSAL HEALTH SERVICES, INC.

**CIVIL RIGHTS JUSTICE CENTER, PLLC**
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

37.     On September 11, 2017, plaintiff also reported these incidents to the Wage and Hour Division of the U.S. Department of Labor. She received a response on September 20, 2017, stating that they received the report.

38.     After investigation, Wage and Hour Division has found that there has been a violation of plaintiff's rights by defendant.

39.     As a result of these incidents, plaintiff was officially diagnosed with anxiety and tension headaches in October 13, 2017, by her physician. She took a medical leave as a result from October 13, 2017 to October 28, 2017.

40.     At an examination on October 25, 2017, another physician also recommended a medical leave from work to treat her anxiety.

41.     Plaintiff continues to suffer harassment from Ms. Patulot and the subsequent anxiety due to the lack of action from the two agencies that she had reported to regarding what she believed were violations of her rights.

## FIRST CAUSE OF ACTION

(Interference with Right to Family Leave Under RCW 49.78)

42.     Plaintiff realleges and incorporates by reference herein paragraphs 1 through 41 with the same force and effect as if such paragraphs were separately realleged in this First Cause of Action.

43.     Plaintiff's right to take family leave, which is guaranteed to her under RCW 49.78.220, was interfered with by defendants. Plaintiff was rightfully entitled to leave because she suffered from a serious health condition that made her unable to perform the functions of her position.

COMPLAINT FOR DAMAGES - 7
LINGVEVICIUS V. UNIVERSAL HEALTH SERVICES, INC.

CIVIL RIGHTS JUSTICE CENTER, PLLC
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

44.     When plaintiff returned to work after taking a family leave due to a health condition that interfered with her ability to perform her work duties, defendant refused to allow her to resume her position as a Charge Nurse. Plaintiff was assigned to a position in treatment instead, which was a lower-level position that paid a lower hourly rate, and defendant stripped away plaintiff's Charge Nurse benefits.

45.     Plaintiff should have been entitled under RCW 49.78.280 to return to her position as a Charge Nurse after the conclusion of her family leave.

46.     As a result of the above interference with plaintiff's family leave rights, plaintiff has suffered such damages in an amount according to proof at trial.

47.     As a further proximate result of defendant's discriminatory actions against plaintiff, as alleged above, plaintiff has been harmed in that she has suffered humiliation, mental anguish, anxiety, mortification, loss of good health and emotional and physical distress, and has been injured in an amount according to proof at trial.

## SECOND CAUSE OF ACTION

### (Discrimination - WLAD)

48.     Plaintiff realleges and incorporates by reference herein paragraphs 1 through 47 with the same force and effect as if such paragraphs were separately realleged in this Second Cause of Action.

49.     Plaintiff suffered from a physical condition that should have been protected from discrimination under RCW 49.60.030.

50.     Despite suffering from a physical condition that required accommodation via FMLA leave, defendant treated plaintiff differently from co-workers who did not suffer from physical conditions and did not take FMLA leave.

**COMPLAINT FOR DAMAGES  - 8**
LINGVEVICIUS V. UNIVERSAL HEALTH SERVICES, INC.

CIVIL RIGHTS JUSTICE CENTER, PLLC
2150 N 107th Street, Suite 520
Seattle, Washington  98133
(206) 557-7719 / Fax: (206) 659-0183

51.     Defendant engaged in unlawful employment practice in violation of RCW 49.60 by demoting plaintiff from working as a Charge Nurse; by disciplining plaintiff for acts that other employees at the same level were not disciplined for; and, by fostering hostility against plaintiff amongst employees, all in retaliation for plaintiff's WFL leave.

52.     As a proximate result of defendant's actions as alleged above, plaintiff has been harmed in that she has suffered a loss of wages, salary, medical benefits, and additional amounts she would have received if defendant had not demoted her, plus interest.

53.     Plaintiff's right to obtain and hold employment without discrimination under the Washington Law Against Discrimination ("WLAD") was therefore violated by defendant.

54.     Defendant subjected plaintiff to such deprivations by malice and a reckless and conscious disregard of her rights for which an award of punitive damages is warranted.

55.     Plaintiff has been injured by defendant's purposeful and intentional discrimination and seeks to recover damages according to proof at trial.  And as a direct, foreseeable, and proximate result of the actions of defendant as described herein, plaintiff has suffered, and continues to suffer, severe emotional distress, all to the plaintiff's damage, in a sum to be ascertained according to proof at trial.

## THIRD CAUSE OF ACTION

### (Retaliation - WLAD)

56.     Plaintiff incorporates by reference herein the allegations set forth in paragraphs 1 through 55 with the same force and effect as if such paragraphs were separately realleged in this Third Cause of Action.

**COMPLAINT FOR DAMAGES  - 9**
LINGVEVICIUS V. UNIVERSAL HEALTH SERVICES, INC.

**CIVIL RIGHTS JUSTICE CENTER, PLLC**
2150 N 107th Street, Suite 520
Seattle, Washington  98133
(206) 557-7719 / Fax: (206) 659-0183

57.   Plaintiff suffered retaliation when she reported the incidents that she believed violated her rights under WLAD. Defendant violated RCW 49.60.210 by discriminating and retaliating plaintiff for opposing practices forbidden by WLAD.

58.   Plaintiff received harassment from her supervisor and had to face an unsafe work environment after she made reports to the company hotline and the Wage and Hour Division of the U.S. Division of Labor about the violation of plaintiff's rights as mentioned in earlier paragraphs.

59.   The effect of defendant's actions has been to destroy plaintiff's reputation and relationship with co-workers. Plaintiff was also diagnosed with anxiety and tension headaches as a result of the defendant's retaliatory actions.

60.   As a result of the above interference with plaintiff's WLAD rights, plaintiff has suffered such damages in an amount according to proof at trial.

61.   As a proximate result of defendant's discriminatory and retaliatory actions against plaintiff, as alleged above, plaintiff has been emotionally harmed in that plaintiff has suffered humiliation, mental anguish, anxiety, mortification, loss of good health and emotional and physical distress, and has been injured in mind and body in an amount according to proof at trial.

## FOURTH CAUSE OF ACTION

(Retaliation – Public Policy)

62.   Plaintiff incorporates by reference herein the allegations set forth in paragraphs 1 through 61 with the same force and effect as if such paragraphs were separately realleged in the Fourth Cause of Action.

COMPLAINT FOR DAMAGES - 10
LINGVEVICIUS V. UNIVERSAL HEALTH SERVICES, INC.

CIVIL RIGHTS JUSTICE CENTER, PLLC
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

63.    Plaintiff suffered retaliation when she reported the substandard work conditions in the treatment room. The treatment room that plaintiff complained about had mold and poor air quality and had previously caused plaintiff to develop a respiratory illness.

64.    As a result of her complaint, plaintiff was retaliated against through several incidents of verbal harassment from her supervisors.

65.    Defendant also inflicted retaliation upon plaintiff by offering every other nurse a wage increase except for the plaintiff. Plaintiff suffered psychological and emotional harm as a result of defendant's retaliatory actions.

66.    As a proximate result of defendant's discriminatory and retaliatory actions against plaintiff, as alleged above, plaintiff has been emotionally harmed in that plaintiff has suffered humiliation, mental anguish, anxiety, mortification, loss of good health and emotional and physical distress, and has been injured in mind and body in an amount according to proof at trial.

## **PRAYER**

WHEREFORE, plaintiff respectfully prays that this Court enter judgment against defendant, granting plaintiff:

A.    Declaratory judgment that the acts, policies, and practices of defendant, as complained of herein, violated the rights of plaintiff as secured by federal laws;

B.    General damages for emotional distress against defendant in the amount according to proof at trial;

C.    Double damages for intentionally violating the WFLA;

D.    Medical expenses;

**COMPLAINT FOR DAMAGES - 11**
LINGVEVICIUS V. UNIVERSAL HEALTH SERVICES, INC.

CIVIL RIGHTS JUSTICE CENTER, PLLC
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

1    E.    Punitive damages under federal law against all defendants in the amount

2  according to proof at trial;

3    F.    Plaintiff's costs of suit, including reasonable attorney's fees; and

4    G.    Such further relief as this Court deems appropriate.

5  DATED this 26th day of January, 2018.

6

7                                        CIVIL RIGHTS JUSTICE CENTER, PLLC

8                                        _____

9                                        **Darryl Parker**, WSBA #30770

10

11

12

13

14

15

16

17

18

19

20

21

22

23

**COMPLAINT FOR DAMAGES - 12**          **CIVIL RIGHTS JUSTICE CENTER, PLLC**
LINGVEVICIUS V. UNIVERSAL HEALTH SERVICES, INC.   2150 N 107th Street, Suite 520
                                        Seattle, Washington  98133
                                        (206) 557-7719 / Fax: (206) 659-0183