THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALISHA LINGVEVICIUS, | CASE NO. C18-0401-JCC |
| Plaintiff, | ORDER |
| v. | |
| UNIVERSAL HEALTH SERVS., INC., | |
| Defendant. | |

This matter comes before the Court on Plaintiff's motion to remand and for attorney fees (Dkt. No. 13). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS the remand motion and DENIES the motion for attorney fees for the reasons explained herein.

## I. BACKGROUND

Plaintiff Alisha Lingvevicius filed this lawsuit against her employer, Universal Health Services, Inc. in King County Superior Court. (Dkt. No. 1 at 10.) Plaintiff is a Washington citizen. (Dkt. No. 1 at 13.) Defendant is Delaware corporation, headquarted in Pennsylvania. (Dkt. No. 2 at 4.) Plaintiff alleges that Defendant violated the Washington Family Leave Act, Wash. Rev. Code § 49.78.010, *et seq.*, and the Washington Law Against Discrimination. Wash. Rev. Code § 49.60.010, *et seq.* Defendant removed the case to federal court. (Dkt. No. 1.) It

ORDER
C18-0401-JCC
PAGE - 1

premised removal on federal question and diversity jurisdiction. (*Id.* at 2.) Plaintiff challenges those claims and moves to remand. (Dkt. No. 13.)

## II. DISCUSSION

### A. Legal Standard

A defendant is entitled to remove a lawsuit if the action could have originally been brought in federal district court. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005); 28 U.S.C. § 1441(a). The removing party bears the burden of establishing that federal subject matter jurisdiction existed at the time of removal. *Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). "The removal statute is strictly construed against removal jurisdiction." *Prize Frize*, 167 F.3d. at 1265. If the Court lacks subject matter jurisdiction at removal, remand is mandatory. 28 U.S.C. § 1447(c).

### B. Analysis

#### 1. Federal Question Jurisdiction

Defendant asserts that the Court has subject matter jurisdiction because Plaintiff raises a federal question by referencing federal law. (Dkt. No. 17 at 4.)

Federal question jurisdiction exists only where the well-pleaded complaint clearly shows that federal law creates the cause of action or that vindication of a right under state law "necessarily depends on a substantial question of federal law." *Gunn v. Minton*, 568 U.S. 251, 258 (2013); *Easton v. Crossland Mortg. Corp.*, 114 F.3d 979, 982 (9th Cir. 1997). When a plaintiff invokes federal law alongside a state-law claim, the court determines whether jurisdiction is appropriate. *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 813–14 (1986). That determination rests not merely on the "literal language" of the complaint, but on a practical analysis of the plaintiff's claims and the form a "well-pleaded complaint" would take. *Easton*, 114 F.3d at 982. Federal question jurisdiction does not arise when a plaintiff's claims sound solely in state law. *Caterpillar v. Williams*, 482 U.S. 386, 392 (1987). Nor can a

mechanical reference to a federal law guarantee jurisdiction. *See Easton*, 114 F.3d at 982.

Plaintiff's claims do not "arise under" federal law. *See* 28 U.S.C. § 1331. Plaintiff's complaint makes four claims under Washington law, each relating solely to statutory torts. (Dkt. No. 1 at 18–22.) Her allegations neither cite to nor depend on a federal statute. (*Id.*) While Plaintiff's prayer for relief references unnamed "federal laws" twice, that generic recitation does not "necessarily raise[]" an issue of her rights under federal law. (*Id.* at 22–23); *see Merrell Dow Pharms.*, 478 U.S. at 808. Nor does it show her rights under federal law are "actually disputed." *Merrell Dow Pharms.*, 478 U.S. at 808. While Plaintiff's prayer seeks punitive damages available only under federal law, her attorney has admitted this was an error relating to his use of "boilerplate" language. (Dkt. No. 13 at 3.) That admission and the complaint's reliance on state law in its substantive allegations, make it clear that reference to relief under federal law are an error. *See Easton*, 114 F.3d at 982 (relying on attorney's post-filing actions to clarify nature of complaint's claims). Courts do not rest jurisdictional decisions on isolated statements in a prayer for relief when those statements were clearly made in error. *See id.*; *Butterworth v. Am. Eagle Outfitters, Inc.*, No. C11-01203-LJO-DLB, slip op. at 3 (E.D. Cal. Oct. 14, 2011). The Court accordingly finds that subject matter jurisdiction under 28 U.S.C. § 1331 is lacking.

### 2. Diversity Jurisdiction

Defendant alternatively contends that the Court has subject matter jurisdiction through diversity. (Dkt. No. 17 at 6.) The parties do not contest their citizenship is diverse; rather, they dispute whether Defendant has shown that the amount in controversy exceeds $75,000. (*Compare* Dkt. No. 13 at 4-5 *with* Dkt. No. 17 at 6–7.)

Diversity jurisdiction empowers federal courts to hear state-law claims when the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). The amount in controversy includes damages, the cost of implementing injunctive relief, and any attorney fees authorized by statute or contract. *Meisel v. Allstate Indem. Co.*, 357 F. Supp. 2d 1222, 1225 (E.D. Cal. 2005); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155 (9th

Cir. 1998). When the complaint does not state the amount in controversy, the defendant may estimate the amount at stake in its removal notice. 28 U.S.C. § 1446(c)(2)(A). If challenged, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. 28 U.S.C. §1446(c)(2)(B). Any evidence or assumptions by the defendant justifying its claimed amount in controversy must be founded in the complaint or otherwise proven through summary-judgment-style evidence. *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 (9th Cir. 2015). "[A] defendant cannot establish removal by mere speculation and conjecture, [coupled] with unreasonable assumptions." *Id.* at 1197.

Defendant aggregates four types of damages to meet the statutory threshold: (1) actual damages in lost wages, totaling $27,205; (2) a "double-damages" award of this amount, for an additional $27,205; (3) emotional and mental health damages, with a minimum award estimate of $15,000, and; (4) attorney fees, estimated to be at least $30,000 at the time of removal. (Dkt. No. 1 at 3–5; Dkt. No. 2 at 1–3; Dkt. No. 17 at 6–7.) Each is an appropriate component of an amount in controversy estimate.[1] *Chavez*, Case No. 16-55957 at 2. These figures total $99,410.

While Defendant's total exceeds the statutory minimum, its justification for that total does not pass muster. To prevail, it must not only identify an amount exceeding $75,000, but must prove it by a preponderance of the evidence. It has established the value of Plaintiff's claim for lost wages and double damages by a preponderance of the evidence via sworn testimony. (Dkt. No. 3.) The testimony sets forth the specific facts underlying its calculations. *See LaCross v. Knight Transp., Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015) (accepting defendant's calculations when supported by verifiable evidence). Plaintiff has not contested those calculations or the facts upon which they are based. (*See generally* Dkt. No. 13 at 4–5; Dkt. No. 3–5.) Accordingly, Defendant has established an amount of $54,410 as being at stake in this case. However, it has not proven its remaining valuations. Its general damages valuation relies on a claim that no jury

---

[1] Inclusion of attorney fees is appropriate because both state laws invoked by Plaintiff permit an award of attorney fees. Wash. Rev. Code §§ 49.78.030(3), 49.60.030(2).

has awarded a lower sum in recent comparable cases. (Dkt. No. 2 at 2–3.) But "a pattern or practice of doing something does not necessarily mean *always* doing something." *Ibarra*, 775 F.3d at 1198 (emphasis in original) (citation and internal quotation marks omitted). Defendant's attorney fees calculations are similarly speculative. It claims that Plaintiff's counsel's pre-filing efforts "likely involved at least 40 hours of attorney work."[2] (Dkt. No. 2 at 3.) But it offers no support for that assertion. While parties may employ assumptions when estimating an unpled amount in controversy, "those assumptions cannot be pulled from thin air, but need some reasonable ground underlying them." *Ibarra*, 775 F.3d at 1199. Because Defendant has not provided such grounds for claimed amounts raising the amount in controversy above $75,000, the Court finds that it lacks subject matter jurisdiction under 28 U.S.C. § 1332.

Finding no basis to exercise jurisdiction, the Court finds it appropriate to GRANT Plaintiff's motion for remand.

### 3. Attorney Fees on Remand

Plaintiff also moves for attorney fees on remand pursuant to 28 U.S.C. §1447(c). Such an award is appropriate "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 126, 141 (2005). While ultimately unsuccessful, the basis on which Defendant sought removal was not objectively unreasonable. Therefore the Court DENIES Plaintiff's motion for attorney fees.

---

[2] Defendant also estimated an hourly rate of $750 in its calculation of Plaintiff's attorney fees. (Dkt. No. 2 at 3.) This estimate is based on a fee that Plaintiff's attorney was awarded in *Davis v. Prison Health Services*, No. C09–2629-SI, slip op. at 9 (N.D. Cal. Sept. 25, 2012). But that rate was charged in Northern California, *id.*, is substantially higher than Washington's hourly rates, *compare id.*, *with Hotchkiss v. CSK Auto, Inc.*, 949 F. Supp. 2d 1040, 1046 (E.D. Wash. 2013) (Spokane hourly attorney rate of $250 to $350), and *Clark v. Payless Shoesource, Inc.*, No. C09–0915–JCC, Dkt. No. 73 at 5 (W.D. Wash. July 27, 2012) (Seattle hourly rate of $515 to $600) and *Eklund v. City of Seattle*, No. C06–01815–TSZ, Dkt. No. 381 at 2 (W.D. Wash. July 2, 2009) (Seattle reasonable hourly rate of $165 to $250), and represented the court's finding that the novelty, complexity, and amount of work required in the *Davis* case was greater than average. *Davis*, No. C09–2629-SI at 9.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand (Dkt. No. 13) is GRANTED, and Plaintiffs motion for attorney fees is DENIED. The Clerk is DIRECTED to terminate all other pending motions and deadlines in this matter.

DATED this 1st day of May 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C18-0401-JCC
PAGE - 6